| B 104<br>(Rev. 2/92)   **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>HANSEN & HUNDEBOL, INC., a GEORGIA CORPORATION and DEVELOPMENT CENTER HANSEN & HUNDEBOL A/S, a CORPORATION OF DENMARK | DEFENDANTS<br>JACOB MALHERBE |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Morris, Manning & Martin, LLP (404)233-7000<br>3343 Peachtree Road, N.E., Ste. 1600<br>Atlanta, Georgia 30326<br>Warren Wills, Jr.<br>Dan Sinaiko<br>Matt Barrett | ATTORNEYS (If Known)<br>Adam Stein<br>911 Duluth Highway<br>Suite D-3240<br>Lawrenceville, GA 30043 |

PARTY (Check one box only)　　☐ 1 U.S. PLAINTIFF　　☐ 2 U.S. DEFENDANT　　☒ 3 U.S. NOT A PARTY

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Dischargeability of debt and to determine whether defendant is entitled to discharge

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | | |
|---|---|---|
| ☐ 454 To Recover Money or Property | ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan | ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action |
| ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☒ 426 To determine the dischargeability of a debt 11 U.S.C. § 523 | ☐ 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 To obtain an injunction or other equitable relief | |
| ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727 | ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | ☐ 498 Other (specify) |

| ORIGIN OF PROCEEDINGS | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P.23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND<br>$ 1,300 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>Jacob Malherbe | BANKRUPTCY CASE NO.<br>05-66832-CRM |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Georgia | DIVISIONAL OFFICE<br>Atlanta | NAME OF JUDGE<br>Mullins |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only.) | ☒ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE<br>07/12/05 | PRINT NAME<br>Matthew A. Barrett | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*Matthew A. Barrett* |
|---|---|---|

B-104

## ADVERSARY PROCEEDING COVER SHEET (Reverse Side)

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the clerk of the court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the clerk of the court for each complaint filed. The form is largely self-explanatory.

**Parties.** The names of the parties to the adversary proceeding *exactly* as their appear on the complaint. Give the names and addresses of the attorneys if known. Following the hearing "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. § 1601, *et seq.*," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. § 544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

  1. Original Proceeding.
  2. Removed from a State or District Court.
  4. Reinstated or Reopened.
  5. Transferred from Another Bankruptcy Court.

**Demand.** On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000 enter "1," for $10,000 enter "10," for $100,000 enter "100," if $1,000,000, enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000, enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case In Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed, and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and the six digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending, and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession, and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee.) There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-66832-CRM |
| | ) | |
| JACOB MALHERBE, | ) | CHAPTER 7 |
| | ) | |
| | ) | |
| DEBTOR. | ) | JUDGE MULLINS |
| _____ | ) | |
| | ) | |
| HANSEN & HUNDEBOL, INC., a | ) | |
| GEORGIA CORPORATION and | ) | |
| DEVELOPMENT CENTER HANSEN & | ) | |
| HUNDEBOL A/S, a CORPORATION | ) | |
| OF DENMARK, | ) | |
| | ) | |
| Plaintiff, | ) | ADVERSARY PROCEEDING |
| | ) | CASE NO. _____ |
| v. | ) | |
| | ) | |
| JACOB MALHERBE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY
## OF DEBT AND OBJECTING TO DEFENDANT'S DISCHARGE

COME NOW, Hansen & Hundebol, Inc. ("HHI") and Development Center Hansen & Hundebol, Inc. ("DCHH"), and for their Complaint to Determine Dischargeability of Debt of Jacob Malherbe ("Defendant") And Objecting To Defendant's Discharge, show this Court the following:

### JURISDICTION AND VENUE

1.

This Adversary Proceeding is being brought in connection with Defendant's case under Chapter 7 of Title 11, Case Number 05-66832-crm, now pending in this Court. This Court has

#1292638 v11 - Complaint/Dischargeability

jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 523 *et seq* and 727 *et seq*.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

2.

Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

**PARTIES**

3.

HHI is a Georgia corporation with its principal place of business in the state of Georgia and is a creditor of Defendant pursuant to the below-described judgment.

4.

DHCC is a corporation of Denmark with its principal office in Denmark and is a creditor of Defendant pursuant to the below-described judgment.

5.

Defendant Jacob Malherbe is an individual who may be served with process by serving his counsel, Adam Stein, Suite D-3240, 911 Duluth Highway, Lawrenceville, Georgia 30043, or, according to his allegations, by personal service at 430 Alcovy Drive, Lawrenceville, Georgia 30045.

**FACTUAL BACKGROUND**

6.

HHI invented and manufactured certain machinery for use in the woodworking industry.  Bent Malherbe (Defendant's father), representing Quickwood Holdings ApS, Quickwood ApS, Quickwood,

-2-                    #1292638 v11 - Complaint/Dischargeability

Inc., QW, Inc. and QuickFlow, Inc. (collectively, the "Quickwood Companies") and HHI agreed that Bent Malherbe and the Quickwood Companies would operate in cooperation (a Danish business term connoting joint venture) with Plaintiffs. Pursuant to the agreement, the Quickwood Companies and Bent Malherbe would be the primary distributor for selling the full line of HHI sanding products, known as the "FLADDER" line.

7.

In or around January 1984, a Quickwood Company under the control of Bent Malherbe began operating in the U.S. under the name "Quickwood" as the primary distributor of the sanding machines of HHI in the United States.

8.

By reason of the representations of Bent Malherbe and the Quickwood Companies (including the signing of a confidentiality agreement and a Declaration), and the confidential business relationship arising from their cooperation, Plaintiffs disclosed confidential proprietary technical information and know-how regarding the design and operation of the FLADDER equipment to Bent Malherbe, Quickwood ApS and its affiliates.

9.

Notwithstanding their promises and representations, the Quickwood Companies, Bent Malherbe and others (the "Former Defendants") gave Plaintiffs' confidential information to others

-3-                    #1292638 v11 - Complaint/Dischargeability

and misused their positions of trust and confidence to steal Plaintiffs' property and sell knock offs of Plaintiffs' machines.

10.

Plaintiffs brought suit against QW, Inc., Quickwood ApS and Bent Malherbe in the United States District Court for the Northern District of Georgia, in Civil Action No. 1 92 CV-1993-WCO (the "Federal Suit"), which was duly tried before the Honorable William C. O'Kelley and a jury in July, 1995 on breach of contract, state unfair competition, and federal unfair competition claims.

11.

The jury found for Plaintiffs on every claim submitted and awarded the following principal sums:

- Against QW, Inc., Quickwood ApS and Bent Malherbe: $366,827.00 in compensatory damages, punitive damages of $350,000.00, and attorneys fees in the amount of $350,000.00

- Against, QW, Inc.: Additional compensatory damages of $303,572.00; and

- Against Quickwood ApS and Bent Malherbe, compensatory damages of $125,925.00.

12.

Judgment was entered in August, 1995 on the jury's verdict as reflected at Exhibit "A" attached hereto and incorporated herein by reference. The judgment was amended as reflected in

-4-                                    #1292638 v11 - Complaint/Dischargeability

Exhibit "B" (the "Federal Court Judgment").   [The Judgment has since been revived (see Exhibit "C" attached hereto)]

13.

Between July 1995 and December 1995 (and thereafter), Defendant Jacob Malherbe, his father and their family's "Quickwood Companies" conspired together to and did denude judgment debtor QW, Inc. of all its assets and fraudulently funneled its business, its trade name, its customer list, its good will and other assets into Quickwood Sales ApS, of which Defendant was President and to others in fraud of Plaintiffs.

14.

To facilitate their fraud, assets of judgment debtor QW, Inc. (including its trade name, customer list and good will) were transferred without value for the purpose of defrauding creditors, including Plaintiffs, and the business of QW, Inc. was continued by Quickwood Sales ApS.

15.

Also, as shown in a report filed with the Danish government after the Federal Suit Judgment, an amount of 1,155,770 (denoted as U.S. dollars) was transferred from Quickwood to a dormant company, Quickflow, Inc.

16.

On November 30, 1995, Plaintiffs filed suit in Gwinnett County Superior Court, Civil Action File No. 1:92-CV-1993-WCO, asserting fraud against Defendant Jacob Malherbe and others (the

-5-                           #1292638 v11 - Complaint/Dischargeability

"State Lawsuit").   Defendant again resisted, telling the jury stories that were unbelievable and not believed.  On January 18, 2000, the Gwinnett County jury awarded Plaintiffs $494,000.00 in punitive damages (by clear and convincing evidence standard), $350,000.00 in attorneys' fees, and $420,000.00 in compensatory damages against Jacob Malherbe for his willful and malicious tortious acts against Plaintiffs (the "Debt").  A copy of the State Court Verdict is attached as Exhibit "D".  Judgment was duly entered on this verdict (See Exhibit "E") and a Writ of Fieri Facias was issued and recorded (See Exhibit "F").

17.

On April 12, 2005, Defendant filed his Chapter 7 Bankruptcy petition, listing debts owed to HHI in the amount of $1,264,000.00

18.

Defendant disclosed in his petition that he had no checking, savings or other financial accounts.   [Bankruptcy Petition, Schedule B].  Defendant also disclosed that he had only $317.00 of cash on hand.  [*Id.*]

19.

During the May 15, 2005 Meeting of the Creditors, however, it was revealed that Defendant actually has two undisclosed bank accounts:  one with BB&T (with a balance of about $800.00), and one with Den Dansk Bank in Denmark(with a balance of about $2,000.00).

-6-

## COUNT I

### ACTION TO DETERMINE DISCHARGEABILITY OF DEBT INCURRED BY WILLFUL AND MALICIOUS INJURY TO PROPERTY UNDER 11 U.S.C. § 523(a)(6)

20.

Plaintiffs incorporate by reference their allegations in paragraphs 1 through 19 of the Complaint.

21.

Defendant willfully and maliciously injured the Plaintiffs' property.

22.

Defendant willfully, maliciously, intentionally and fraudulently made, caused to be made, conspired in the making of, or received fraudulent conveyances of assets of QW, Inc., an entity which at the time was a judgment debtor to Plaintiffs.

23.

Defendant's willful and malicious acts proximately resulted in injury to Plaintiffs in at least the amount of the State Court Judgment ($420,000.00 in actual damages, $350,000.00 in attorneys' fees, and $494,000.00 in punitive damages), plus costs and interest.

24.

Whereas, Plaintiffs are entitled to a judgment declaring the debt evidenced by the State Court Judgment non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

-7-                    #1292638 v11 - Complaint/Dischargeability

## COUNT II

### ACTION TO DETERMINE DISCHARGEABILITY OF DEBT
### INCURRED THROUGH MATERIALLY FALSE STATEMENTS
### UNDER 11 U.S.C. § 727(a)(4)(A)

25.

Plaintiffs incorporate by reference their allegations in paragraphs 1 through 24 of the Complaint.

26.

On April 12, 2005, Defendant knowingly and fraudulently misrepresented (under penalty of perjury), in his bankruptcy schedules, that he maintained no checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. [Bankruptcy, Schedule B].

27.

Defendant knowingly and fraudulently, in or in connection with his bankruptcy case, made a false oath or account.

28.

Defendant actually had bank accounts with BB&T and DenDansk Bank balanced at approximately $2,800.00

29.

The misrepresentations described above were materially false and were made by Defendant with the intent to deceive. At the time Defendant made said misrepresentations, he knew them to be untrue.

-8-                                    #1292638 v11 - Complaint/Dischargeability

30.

Wherefore, Plaintiffs are entitled to judgment barring the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

WHEREFORE, Plaintiffs pray that the Court determine:

(a)     As to Count I, that the Court enter judgment for the Plaintiffs declaring the Debt owed to Plaintiffs by Defendant to be nondischargeable under 11 U.S.C. § 523(a)(6);

(b)     As to Count II, that the Court enter judgment for the Plaintiffs barring the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(4)(A); and

(c)     Such further and other relief as is proper.

MORRIS, MANNING & MARTIN, L.L.P.

By:_____
        Warren W. Wills, Jr.
        Georgia Bar No. 767400

        Daniel P. Sinaiko
        Georgia Bar No. 648848

        Matthew A. Barrett
        Georgia Bar No. 039703

        Attorneys for Plaintiffs

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 233-7000

-9-                        #1292638 v11 - Complaint/Dischargeability

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEVELOPMENT CENTER HANSEN &        :
HUNDEBOL A/S, a Corporation of     :
Denmark; and HANSEN &              :
HUNDEBOL, INC., a Corporation      :
of Georgia                         :

VERSUS                             :   CIVIL NO. 1:92-CV-1993-WCO
                                   :
QW INC., a Corporation of          :
Georgia dba Quickwood;             :
QUICKWOOD APS, a Corporation       :
of Denmark; and BENT MALHERBE      :

### J U D G M E N T

This action came before the court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

**IT IS ORDERED AND ADJUDGED** that plaintiffs recover of defendants QW, INC., QUICKWOOD APS, and BENT MALHERBE, damages in the amount of $1.00 on Lanham Act (Federal Claims); compensatory damages in the amount of $366,827.00 and punitive damages in the amount of $350,000.00 on state unfair competition claims.

**IT IS FURTHER ORDERED AND ADJUGED** that plaintiffs recover of **QW, INC.,** compensatory damages in the amount of $303,572.00 on the Georgia contract; and from QUICKWOOD APS, and BENT MALHERBE, breach of contract damages in the amount of $125,925.00 on the Declaration (contract).  Plaintiffs shall further recover from all defendants attorneys' fees in the total amount of $350,000.00, with interest at the rate of 5.70% and their costs of the action.

Dated at Atlanta, Georgia, this 3rd day of August, 1995.

LUTHER D. THOMAS, CLERK
BY: _____
Deputy Clerk

# EXHIBIT B

 ORIGINAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DEVELOPMENT CENTER HANSEN & HUNDEBOL A/S, a Corporation of Denmark, and HANSEN & HUNDEBOL, INC., a Corporation of Georgia,   :<br>:<br>:<br>:<br>: | |
| Plaintiffs,   : | |
| : | **CIVIL ACTION NO.** |
| v.   : | |
| : | **1:92-cv-1993-WCO** |
| QW, INC. d/b/a QUICKWOOD, a Corporation of Georgia; QUICKWOOD APS, a Corporation of Denmark; and BENT MALHERBE,   :<br>:<br>:<br>: | |
| Defendants.   : | |

## AMENDED JUDGMENT

This action came before the court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

**IT IS ORDERED AND ADJUDGED** that plaintiffs recover of defendants QW, INC., QUICKWOOD APS, and BENT MALHERBE, damages in the amount of $1.00 on Lanham Act (Federal Claims), compensatory damages in the amount of $366,827.00, and punitive damages in the amount of $350,000.00 on state unfair competition claims;

**IT IS ORDERED AND ADJUDGED** that judgment be entered in favor of defendants as to all patent claims; and

**IT IS FURTHER ORDERED AND ADJUDGED** that plaintiffs recover of QW, INC. compensatory damages in the amount of $303,572.00 on the Georgia contract; and from QUICKWOOD APS and BENT MALHERBE breach of contract damages in the amount of $125,925.00 on the Declaration (contract). Plaintiffs shall further recover

from all defendants attorneys' fees in the total amount of $350,000.00, with interest

at the rate of 5.70% and their costs of the action.

Dated at Atlanta, Georgia, this 3rd day of November, 1995.

Luther D. Thomas, Clerk

By: _____

Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
   November 3, 1995
Luther D. Thomas, Clerk

By: _____

Deputy Clerk

ATTEST: A TRUE COPY
CERTIFIED THIS

Luther D. Thomas, Clerk

By: _____

Deputy Clerk

# **EXHIBIT C**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEVELOPMENT CENTER HANSEN &
HUNDERBOL A/S, a corporation of Denmark,
and HANSEN & HUNDEBOL, INC. a Georgia
Corporation

Plaintiffs,

CIVIL ACTION FILE

vs.

NO. 1:92-cv-1993-WCO

QW, INC., a Georgia corporation d/b/a
Quickwood, QUICKWOOD APS, a corporation of
Denmark and BENT MALHERBE,

Defendants.

## R E V I V E D   J U D G M E N T

This action having come before the court, Honorable William C. O'Kelley, United States District Judge, for consideration of plaintiffs' motion to revive the judgment obtained in this court on August 3, 1995, and the court having granted said motion, it is

**Ordered and Adjudged** that the judgment previously entered in this action be, and the same hereby is, revived. Plaintiffs are to recover from all defendants damages in the amount of $1.00 on the Lanham Act claims; and $366,827.00 for compensatory damages and $350,000.00 for punitive damages on the state unfair competition claims. Plaintiffs are to recover from defendant QW, Inc. $303,572.00 for compensatory damages on the Georgia contract claims. Plaintiffs are to recover from defendants Quickwood APS and Bent Malherbe $125,925.00 for breach of contract damages on the Declaration (contract). Plaintiffs shall further recover from all defendants $350,000.00 in attorney's fees, with interest at the rate of 5.70% and costs of the action.

Dated at Atlanta, Georgia, this 15th  day of April, 2003.

LUTHER D. THOMAS
CLERK OF COURT

By: _____
Frances M. McNulty, Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
 April 17, 2003
Luther D. Thomas
Clerk of Court
By: _____
Deputy Clerk

# EXHIBIT D

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

HANSEN & HUNDEBOL, INC., a     \*
Georgia corporation, and DEVELOPMENT
CENTER HANSEN & HUNDEBOL A/S
a corporation of Denmark,

     Plaintiffs,      \*

vs.      \*      **CIVIL ACTION FILE**

QW, INC., a Georgia corporation, d/b/a
"QUICKWOOD", QUICKFLOW, INC.,   \*      NO. 95-A-07557-7
a Georgia corporation, BENT MALHERBE,
QUICKWOOD SALES, ApS, a Danish
corporation, and JACOB MALHERBE,

     Defendants,      \*

## VERDICT

1.     Do you find that Defendant Quickwood Sales ApS is the successor corporation to

Defendant QW, INC.?     ____✓____YES     OR     _____NO

2.     Do you find that any of the defendants are jointly and severally liable for participating in

making or receiving any fraudulent conveyance causing damages to the Plaintiff?

__✓__yes or ____ no. If yes, please circle those defendants that you find are jointly and severally

responsible, and write in the total amount of damages you award to the Plaintiff as a result

thereof.

QW, INC.,   QUICKFLOW, INC.,   QUICKWOOD SALES ApS,

BENT MALHERBE,   JACOB MALHERBE     $__420,000__

And/or

3.      Do you find that any individual defendant made or received any fraudulent conveyance? If yes, please circle that defendant's name.  Write beside that defendant's name the  amount of damages that you find that defendant is individually responsible for. (This amount of damages would be in addition to any amount of damages awarded in 2 above).          NONE

QW, INC.        $_____                QUICKFLOW, INC.  $_____

BENT MALHERBE   $_____                QUICKWOOD SALES, ApS $_____

JACOB MALHERBE $_____

4.      Do you find that any defendant has acted in bad faith, and/or has been stubbornly litigious, and/or has caused the plaintiff unnecessary trouble and expense?  If so, list that defendant and put the amount of attorney's fees and expenses of litigation that defendant is individually responsible for.  Or you may find that some or all of the defendants are jointly and severally liable for one award of attorney's fees and expenses of litigation.

___Yes, ALL_____$350,000_____

_____

5.      Do you find by clear and convincing evidence that the Plaintiffs are entitled to punitive damages?  If so, please list which defendants you find should be responsible for punitive damages. ___YES.  BENT MALHERBE, JACOB MALHERBE,___
QUICKWOOD SALES, ApS

(INDIVIDUAL)  BENT MALHERBE — $ 1,000,0

* JACOB MALHERBE — $494,0

THIS __18__ DAY OF JANUARY, 2000.          * QUICKWOOD SALES APS

TOTAL $ 1,494,0(

* Jointly and SERVERAILY

_____
JURY FOREPERSON

# **<u>EXHIBIT E</u>**

In THE Superior Court of
Gwinnett County, Ga.

Hansen & Hundebol, Inc )
    et al.                )       Civil Action No.
                          )
        v.                )       95A 0757-7
                          )
QW, Inc., et al           )

JUDGMENT

This matter having come on regularly to be tried before the Honorable Melodie Snell Connen and a jury and the case having been duly tried and the jury having rendered its verdict, it is hereby

ORDERED, ADJUDGED and DECREED as follows:

(1) Quickwood Sales ApS is declared to be the successor for liability purposes to QW, Inc.;

- and -

(2) Plaintiffs have and recover of Defendants Jacob Malherbe, Bent Malherbe, QW, Inc., Qwickwood Sales Ap and Qwickflow, Inc., jointly and severally, in the amount of Four Hundred Twenty Thousand ($420,000.00) Dollars, plus attorneys fees and expenses of litigation in the amount of Three Hundred Fifty Thousand ($350,000.00) Dollars; - and-

( Judgment continued )

(3) Plaintiffs have and recover from Bent Malherbe the additional amount of ($1,000,000.00) One Million Dollars as Punitive Damages; – and –

(4) Plaintiffs have and recover ~~against~~ from Quickwood Sales ApS and Jacob Malherbe, jointly and severally, the additional amount of Four Hundred Ninety Four Thousand ($494,000) Dollars as punitive Damages; – and

(5) Costs; – and –

(6) Interest as provided by law

This 18th day of January, 2000

Melodie Snell Conner
Judge, Superior Court of Gwinnett County

MELODIE SNELL CONNER

# EXHIBIT F

**WRIT OF FIERI FACIAS**

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

CIVIL ACTION NUMBER:   95-A-07557-7

JUDGMENT DATE:   January 19, 2000

Plaintiff(s)
Plaintiff's Attorney - Name, Address & Telephone
Name:    Warren W. Willis Jr.
Address: 1600 Atlanta Financial Center
            3343 Peachtree Raod N.E.
            Atlanta, GA 30326
Defendant(s)

Telephone & Area Code: 404-233-7000

Fi. Fa. in Hands of:

G. E. D.   4818 Pg   40
Filed and Recorded Mar-02-2000 12:29pm
      2000-0038276
   Juanita Hicks
      Clerk of Superior Court
      Fulton County, Georgia

HANSEN & HUNDEBOL, INC., a Georgia corporation and
DEVELOPMENT CENTER HANSEN & HUNDEBOL A/S
 a corporation of Denmark

VS.

JACOB MALHERBE, BENT MALHERBE, QW, INC.,
QUICKWOOD SALES ApS, QUICKFLOW, INC.
jointly and severally

To all and singular the sheriffs of the State and their
lawful deputies:

In the above styled case, and on the judgment date set out, the
plaintiff(s) named above recovered against the defendant(s)
named above, judgment in the following sums:

| | | |
|---|---|---|
| Principal | $ | 420,000.00 |
| Interest | $ | 0.00 |
| Interest-Other | $ | 0.00 |
| Attorney's Fees * | $ | 350,000.00 |
| Court Costs | $ | 195.00 |
| Total | $ | 770,195.00 |

NOTE:      **\*and expenses of litigation**

**CANCELLATION**

The within and foregoing Fi. Fa. having been paid in full
the clerk of Superior Court is hereby directed to cancel it

of record this_____day of_____, 20_____

Signature:_____

Title:_____

with future interest upon said principal amount from
the date of judgment at the legal rate.

Therefore, YOU ARE COMMANDED, that of the goods and
chattels, lands and tenements of said defendant(s) and
ESPECIALLY/ONLY of the following described property,
to wit:

YOU cause to be made the several sums set out in the foregoing recital of the judgment in this case and have the said several sums of
money before the Superior Court of this County at the next term of court, with this Writ to render to said plaintiff(s) the principal,
interest, attorney fees and costs aforesaid.

Witness the Honorable___ Melodie Snell Conner _____Judge of Said Court,

this the ___4th_____day of__February_____, 2000 .

TOM LAWLER, CLERK
By: _Sharon C. Schultz_____
            Deputy Clerk

02189

Entered on General Execution Docket_____, at
Page_____this _____day of_____., 20_____.

ST-5 Rev. 85

**WRIT OF FIERI FACIAS**

# IN THE SUPERIOR COURT OF GWINNETT COUNTY

BOOK **1065** PAGE **069**

CIVIL ACTION NUMBER:  95-A-07557-7

JUDGMENT DATE:  January 19, 2000

Plaintiff(s)
Plaintiff's Attorney - Name, Address & Telephone
Name:   Warren W. Willis Jr.
Address: 1600 Atlantic Financial Center
            3343 Peachtree Road N.E.
            Atlanta, GA  30326
Defendant(s)

Telephone & Area Code:404-233-7000

Fi. Fa. in Hands of:

G. E. D.   4818 Pg   42
Filed and Recorded Mar-02-2000 12:29pm
2000-0038278
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

**CANCELLATION**

The within and foregoing Fi. Fa. having been paid in full
the clerk of Superior Court is hereby directed to cancel it

of record this_____day of_____, 20_____

Signature:_____

Title:_____

HANSEN & HUNDEBOL, INC a Georgia corporation and
DEVELOPMENT CENTER HANSEN & HUNDEBOL A/S
a corportaion of Denmark

VS.
QUICKWOOD SALES Aps
and  JACOB MALHERBR jointly and severally

To all and singular the sheriffs of the State and their
lawful deputies:

In the above styled case, and on the judgment date set out, the
plaintiff(s) named above recovered against the defendant(s)
named above, judgment in the following sums:

| | | |
|---|---|---|
| Punitive Damages | $ | 494,000.00 |
| Interest | $ | 0.00 |
| Interest-Other | $ | 0.00 |
| Attorney's Fees | $ | 0.00 |
| Court Costs | $ | 5.00 |
| Total | $ | 494,005.00 |

NOTE:

with future interest upon said principal amount from
the date of judgment at the legal rate.

Therefore, YOU ARE COMMANDED, that of the goods and
chattels, lands and tenements of said defendant(s) and
ESPECIALLY/ONLY of the following described property,
to wit:

YOU cause to be made the several sums set out in the foregoing recital of the judgment in this case and have the said several sums of
money before the Superior Court of this County at the next term of court, with this Writ to render to said plaintiff(s) the principal,
interest, attorney fees and costs aforesaid.

Witness the Honorable___ Melodie Snell Conner _____Judge of Said Court,

this the ___ 4th _____ day of__ February _____, 2000__.

TOM LAWLER, CLERK
By:_____
                    Deputy Clerk

02191  Entered on General Execution Docket_____, at
          Page_____this _____ day of_____., 20____.

ST-5 Rev. 85