**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHER DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CHAPTER 7** |
| | ) | |
| **JACOB MALHEBRE,** | ) | **CASE NO: 05-66832-CRM** |
| | ) | |
| Debtor. | ) | **JUDGE:  C. RAY MULLINS** |
| _____ | ) | _____ |
| | ) | |
| **HANSEN & HUNDEBOL, INC., a** | ) | |
| **GEORGIA CORPORATION and** | ) | |
| **DEVELOPMENT CENTER HANSEN &** | ) | |
| **HUNDEBOL, A/S, a CORPORATION** | ) | |
| **OF DENMARK,** | ) | |
| | ) | |
| Plaintiffs, | ) | **ADVERSARY PROCEEDING** |
| **v.** | ) | |
| | ) | **CASE NO:  05-6298** |
| **JACOB MALHEBRE.** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ANSWER TO COMPLAINT

**COMES NOW**, **JACOB MALHEBRE**, (hereinafter "Defendant") and files this his

Answer to the Complaint filed by **HANSEN & HUNDEBOL, INC.** ("HHI") and

**DEVELOPMENT CENTER HANSEN & HUNDEBOL, A/S** ("DCHH") (collectively

referred to as "Plaintiffs") objecting to the dischargeability of  debt and objecting to the

Defendant's discharge as follows:

### First Defense

Plaintiffs fail to state a claim upon which relief may be granted pursuant to 11 USC §

523(a)(6).

## Second Defense

Plaintiffs fail to state a claim upon which relief may be granted pursuant to 11 U.S.C. § 727 (a)(4)(A).

## Third Defense

The Defendant hereby responds to each of the allegations contained in Plaintiffs' Complaint as follows:

## Jurisdiction and Venue

1.

Defendant **admits** the allegations contained in paragraph One (1) of Plaintiffs' Complaint.

2.

Defendant **admits** the allegations contained in paragraph Two (2) of Plaintiffs' Complaint.

## Parties

3.

Defendant **admits** the allegations contained in paragraph Three (3) of Plaintiffs' Complaint.

4.

Defendant **admits** the allegations contained in paragraph Four (4) of Plaintiffs' Complaint.

5.

Defendant **admits** the allegations contained in paragraph Five (5) of Plaintiffs' Complaint.

6.

Defendant **admits** the allegations contained in paragraph Six (6) of  Plaintiffs'

Complaint.  Defendant, however, has no personal knowledge that "operating in cooperation"

is a Danish business term that "connotes" a joint venture**,** and as such, this allegation is

**denied**.

7.

Defendant **admits** the allegations contained in paragraph Seven (7) of Plaintiffs'

Complaint.

8.

Defendant **admits** the allegations contained in paragraph Eight (8) of Plaintiffs'

Complaint.

9.

Defendant has no personal knowledge of the allegations contained in paragraph Nine

(9) of Plaintiffs' Compliant in that it alleges conduct of parties other than the Defendant.

Inasmuch as an answer is required, Defendant **denies** these allegations.

10.

Defendant **admits** the allegations contained in paragraph Ten (10) of Plaintiffs'

Complaint to the extent that the judgment speaks for itself.

11.

Defendant **admits** the allegations contained in paragraph Eleven (11) of Plaintiffs'

Complaint to the extent that the jury award speaks for itself.

12.

Defendant **admits** the allegations contained in paragraph Twelve (12) of Plaintiffs' Complaint to the extent that the Exhibits speak for themselves.

13.

Defendant **denies** the allegations contained in paragraph Thirteen (13) of Plaintiffs' Complaint.

14.

Defendant **denies** the allegations contained in paragraph Fourteen (14) of Plaintiffs' Complaint.

15.

Defendant has no personal knowledge of the allegations contained in paragraph Fifteen (15) of Plaintiffs' Compliant.  Inasmuch as an answer is required, Defendant **denies** these allegations.

16.

Defendant **admits** the allegations contained in paragraph Sixteen (16) of Plaintiffs' Complaint as they relate to the Gwinnett County jury award to the extent that the judgment speaks for itself.   All other commentary and legal conclusions posing as allegations are **denied.**

17.

Defendant **admits** the allegations contained in paragraph Seventeen (17) of Plaintiffs' Complaint.

18.

Defendant **admits** the allegations contained in paragraph Eighteen (18) of Plaintiffs'

Complaint in that information about his bank accounts or cash on hand did not make it on the

typed Schedule B filed with the Court.  Defendant **denies**, however, any implication that the

non-disclosure on the schedules was done fraudulently with the intent to deceive.

19.

Defendant **admits** the allegations contained in paragraph Nineteen (19) of Plaintiffs'

Complaint in that his testimony at the 341 meeting of creditors provided additional

information about his bank accounts.  Defendant **denies**, however, any implication that the

non-disclosure of his bank accounts was done fraudulently with the intent to deceive.

For further answer, Plaintiffs falsely and deliberately misrepresented to this Court the

Defendants testimony.  Specifically, the $2,000.00 balance in the Den Dansk Bank was in

Danish Krona, which is approximately $500.00 US dollars.

### **Count I**

20.

Defendant restates and incorporates his responses to Plaintiffs' allegations in

paragraphs One (1) through Nineteen (19) of the Complaint.

21.

Defendant **denies** the allegations contained in paragraph Twenty-one (21) of

Plaintiffs' Complaint.

22.

Defendant **denies** the allegations contained in paragraph Twenty-two (22) of

Plaintiffs' Complaint.

23.

Defendant **denies** the allegations contained in paragraph Twenty-three (23) of

Plaintiffs' Complaint.

24.

Defendant **denies** the allegations contained in paragraph Twenty-four (24) of

Plaintiffs' Complaint.

## **Count II**

25.

Defendant restates and incorporates his responses to Plaintiffs' allegations in

paragraphs One (1) through Twenty-four (24) of the Complaint.

26.

Defendant **denies** the allegations contained in paragraph Twenty-six (26) of

Plaintiffs' Complaint.

27.

Defendant **denies** the allegations contained in paragraph Twenty-seven (27) of

Plaintiffs' Complaint.

28.

Defendant **denies** the allegations contained in paragraph Twenty-eight (28) of

Plaintiffs' Complaint.

29.

Defendant **denies** the allegations contained in paragraph Twenty-nine (29) of

Plaintiffs' Complaint.

30.

Defendant **denies** the allegations contained in paragraph Thirty (30) of Plaintiffs'

Complaint.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Defendant prays that

the Complaint be dismissed and/or that the judgment obtained by the Plaintiff be discharged.

This 10th day of August, 2005.

_____/s/_____
Richard K. Valldejuli, Jr.,
GA State Bar No: 723225
Valldejuli & Associates, LLC          Counsel for Defendant
2199 Lenox Road, NE, Suite A
Atlanta, GA  30324
(404) 636-9957

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served all parties in the foregoing matter with a

true and correct copy of the foregoing **Answer to Complaint** by depositing in the United

States Mail, a copy of same in a property addressed envelope with adequate postage thereon

upon:

Warren W. Wills
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA 30326

Daniel P. Sinaiko
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA 30326

Adam Stein
Attorney & Counselor at Law, LLC
Suite D-3240
911 Duluth Highway
Lawrenceville, GA 30043

This 10th day of August, 2005.

_____/s/_____
Richard K. Valldejuli, Jr.,
GA State Bar No: 723225
Counsel for Defendant

Valldejuli & Associates, LLC
2199 Lenox Road, NE, Suite A
Atlanta, GA  30324
(404) 636-9957