ENTERED ON DOCKET

JUL 14 2006

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-66832-CRM |
| | ) | |
| JACOB MALHERBE, | ) | CHAPTER 7 |
| | ) | |
| | ) | |
| DEBTOR. | ) | JUDGE MULLINS |
| | ) | |
| | ) | |
| HANSEN & HUNDEBOL, INC., a | ) | |
| GEORGIA CORPORATION and | ) | |
| DEVELOPMENT CENTER HANSEN & | ) | |
| HUNDEBOL A/S, a CORPORATION | ) | |
| OF DENMARK, | ) | |
| | ) | ADVERSARY PROCEEDING |
| Plaintiff, | ) | CASE NO. 05-06298 |
| | ) | |
| v. | ) | |
| | ) | |
| JACOB MALHERBE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

CONSENT ORDER GRANTING
JOINT MOTION TO (1) APPROVE
TERMS OF DISMISSAL OF CLAIMS
UNDER 11 U.S.C. § 727 FROM ADVERSARY
PROCEEDING PURSUANT TO BANKRUPTCY
RULE 7041, (2) ENTER JUDGMENT AGAINST DEBTOR
IN FAVOR OF PLAINTIFFS UNDER 11 U.S.C. § 523, (3) APPROVE
AGREEMENT FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. §
362 PURSUANT TO BANKRUPTCY RULE 4001(d) AND (4) GRANT OTHER RELIEF

Upon Hansen & Hundebol, Inc. ("HH") and Development Center Hansen & Hundebol,

A/S ("DCHH," with HH the "Plaintiffs") and Jacob Malherbe (the "Debtor") having filed a Joint

Motion to (1) Approve Terms of Dismissal of Claims Under 11 U.S.C. § 727 From Adversary

Proceeding Pursuant to Bankruptcy Rule 7041, (2) Enter Judgment against Debtor in favor of

Plaintiffs Under 11 U.S.C. § 523, (3) Approve Agreement for Relief From the Automatic Stay of

Exhibit A

11 U.S.C. § 362 Pursuant to Bankruptcy Rule 4001(d) and (4) Grant Other Relief (the "Motion") on June 30, 2006, which Motion came on for hearing on July 13, 2006, and upon no objections having been filed to the Motion, and the Plaintiffs and the Debtor having agreed to resolve the Motion as set forth herein, and the Court having jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b) and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409 and for good cause otherwise shown, it is hereby:

1.    ORDERED, ADJUDGED AND DECREED that the Motion is GRANTED; and it is further

2.    ORDERED that the Settlement Agreement[2] is approved and deemed effective as between the parties; and it is further

3.    ORDERED that the automatic stay of 11 U.S.C. § 362 should be vacated in all respects and for all purposes as to the Plaintiff pursuant to 11 U.S.C. § 362(d); and it is further

4.    ORDERED that the Payment be released to the Plaintiffs *instanter*; and it is further

5.    ORDERED that Plaintiffs are entitled to take discovery and to make investigations regarding Plaintiff, his assets, his income and other matters to enable Plaintiffs, *inter alia*, to pursue, further perfect and collect upon their judgments and the Debtor shall not oppose or object to the making of any investigations or the taking of any discovery by Plaintiffs in any applicable forum and under any applicable laws, rules or procedures whatsoever, for himself and all entities in which he (a) has a beneficial interest (including, without limitation, all corporations, partnerships, trusts or other legal entities in which the Debtor holds equity) or (b)

---

[2] All Capitalized but undefined terms in this Order shall have the meaning ascribed to them in the Motion.

1463956 v07

works for in any capacity (including, without limitation, as an agent, manager, employee, officer, director, partner or otherwise).

6.    ORDERED between (a) June 1 and June 30, and (b) December 1 and December 31 of every year following entry of the Consent Judgment (until payment of the amounts due under the Consent Judgment in full), Debtor agrees to prepare, certify and produce his personal financial statement to Plaintiffs, describing, *inter-alia*, an itemized list of all the Debtor's assets (including, without limitation, a list of all employers, contractors, account debtors, or other sources of money due to the Debtor), the location (including, without limitation, addresses and other contact information in the case of employers, contractors, account debtors and other people or entities that may owe money to the Debtor) of all identified assets and the value of all identified assets.

7.    ORDERED and ADJUDGED that Plaintiff shall have a non-dischargeable Judgment against the Debtor on its claims under 11 U.S.C. § 523 in the amount of $494,000.00 in punitive damages, $350,000.00 in attorneys' fees, and $420,000.00 in compensatory damages, plus post-judgment interest on the State Court Judgment in the amount of $961,865.32 as of May 25, 2006, with interest accruing at the per diem rate of $415.56 thereafter, plus interest on the Consent Judgment, accruing from the date of entry at the rate of twelve percent (12%) per annum, and all such amounts are hereby declared to be non-dischargeable in this proceeding or any subsequent bankruptcy proceeding; and it is further

8.    ORDERED that upon this Order becoming a final, non-appealable Order, the Plaintiff's claims under 11 U.S.C. § 727 in the Adversary Proceeding, and no other claims asserted by the Plaintiff in this Adversary Proceeding, shall stand DISMISSED.

## (SIGNATURES ON NEXT PAGE)

SO ORDERED this _____ day of _____, 2006.

_____
C. RAY MULLINS,
United States Bankruptcy Judge


**CONSENTED TO:**                           **CONSENTED TO:**


By: _____       By: _____
Warren W. Wills, Ga. Bar No. 767400     G. Frank Nason, IV
Daniel P. Sinaiko, Ga. Bar No. 648848   Georgia Bar No. 535160
Morris, Manning & Martin LLP            Lamberth Cifelli Stokes & Stout, P.A.
1600 Atlanta Financial Center           550 E. Tower
3343 Peachtree Road, NE                 3343 Peachtree Road, NE.
Atlanta, Georgia  30326                 Atlanta, Georgia  30326
Tel No.: (404) 233-7000                 Tel No.: (404) 262-7373
Fax No.: (404) 365-9532                 Fax No.: (404) 262-9911

Attorneys for Hansen & Hundebol, Inc.   Attorney for Debtor
and Development Center Hansen &
Hundebol, A/S


-4-                                                    1463956 v07